BRANDON J. HARRISON, Judge
Dashunda Johnson appeals the decision of the Arkansas Workers' Compensation Commission (the Commission) that found she had failed to prove that she sustained a compensable injury. She essentially argues that the Commission's decision is not supported by substantial evidence. We affirm.
*861 Johnson was an employee of Pizza Hut on 27 February 2016 and claimed that she injured her back while scrubbing the sidewalk outside the restaurant. Pizza Hut controverted the claim, and an administrative law judge (ALJ) convened a hearing on 29 June 2016 to determine Johnson's entitlement to payment of medical expenses and temporary total-disability benefits.
Johnson testified to the following. She began working at Pizza Hut in October 2014, and her job duties included delivering pizzas, waiting tables, and answering the phones. On February 27, her manager, Shalanna Thornton, instructed her to "spray off the sidewalk. And as I was doing that manual labor it caused my, it caused my preexisting condition to be aggravated." She had never had an x-ray or MRI before this alleged incident, but an x-ray performed after the alleged incident showed degenerative disc disease. She did not know how she was injured but said she was "twisting" and "turning." She did not experience any pain at the time but started feeling lower back pain after her lunch break. She reported this pain to Thornton but finished her shift; she also worked a twelve-hour shift the next day, February 28. She began taking Tylenol and Advil after her shift on February 28, and on March 3, she texted Thornton and told her that she could not stand the pain and had to see a doctor. On March 4, Johnson saw her personal physician and was given a steroid shot, which helped with the pain but wore off after a couple of days. She currently attends physical therapy twice a week and takes Neurontin for nerve pain. She has not worked since February 28 but successfully applied for unemployment. She was also awaiting a determination on Social Security benefits. She is forty years old.
On cross-examination, she denied having any problems with her back before 27 February 2016. She also denied ever wearing a back brace at work before that date. She explained that after she cleaned the sidewalks, she picked up boxes of cookie dough and put them in the freezer, went out on two pizza deliveries, and then went home for lunch. When she stood up from her couch after eating lunch, she first felt pain in her back. She went back to work, clocked in, told Thornton that she felt some pain in her back, and resumed her work duties. She texted Thornton on February 28 to tell her that she (Johnson) was still feeling some pain in her back but that she would be reporting to work. She declined an offer to have someone work her shift for her.
Thornton testified that she was Johnson's supervisor at the time of the alleged injury. Thornton said that Johnson had complained of back pain before February 27 and had worn a back brace at work. On the morning of February 27, Thornton arrived at the restaurant sometime before 11:00 a.m. and Johnson was already there. Johnson complained that her back was hurting, and they had a conversation about kidney stones and the need to drink more water. This conversation occurred before Johnson went outside to clean the sidewalks. Johnson was outside for approximately fifteen minutes, and when she came back in, she did not complain of any back pain. Thornton denied that Johnson reported any back pain after returning from her lunch break. Thornton did receive a text message from Johnson on February 28, and in that text message Johnson complained that cleaning the sidewalks was a "man's job" and she would not do it anymore. Johnson also claimed that she could not walk, but she did not ask to be off work and later reported to work as scheduled. Four days later, Johnson told Thornton by text message that she (Johnson)
*862 had to see a doctor. On March 5, Thornton told Johnson that she was required to take a drug test pursuant to company policy; Johnson twice refused a drug test and was ultimately terminated for failing to take the drug test.
B.J. Dawson, a shift leader at Pizza Hut on February 27, testified that Johnson had already finished cleaning the sidewalks when she (Dawson) arrived at work and that Johnson did not mention any back pain due to cleaning the sidewalks. Johnson had mentioned "something about her back" before that day, and she had previously worn a back brace at work.
On 8 August 2016, the ALJ issued a written opinion that reviewed the testimony at the hearing and summarized the medical evidence. According to the ALJ, "[a]n MRI of the claimant's lumbar spine showed no acute injury, only preexisting degenerative changes." The ALJ found that "[b]ased on the MRI scan, the claimant cannot prove she sustained any recent trauma to her back. Therefore she cannot meet the elements of proof for a compensable injury and is not entitled to an award of benefits." The ALJ concluded:
The claimant has failed to prove by a preponderance of the credible evidence that she sustained a compensable injury, caused by a specific incident, arising out of and in the course of her employment which produced physical bodily harm, supported by objective findings, requiring medical treatment or producing disability, pursuant to Ark. Code Ann. § 11-9-102.
In an opinion dated 13 December 2016, the Commission affirmed and adopted the ALJ's opinion as its own. Under Arkansas law, the Commission is permitted to adopt the ALJ's opinion. SSI, Inc. v. Cates , 2009 Ark. App. 763, 350 S.W.3d 421. In so doing, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. Id. Therefore, for purposes of our review, we consider both the ALJ's opinion and the Commission's majority opinion. Id. Johnson now appeals the Commission's decision.
It is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence. Martin Charcoal, Inc. v. Britt , 102 Ark. App. 252, 284 S.W.3d 91 (2008). We review the Commission's decision in the light most favorable to its findings and affirm when the decision is supported by substantial evidence. Parker v. Atl. Research Corp. , 87 Ark. App. 145, 189 S.W.3d 449 (2004). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission, but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm. Parker v. Comcast Cable Corp. , 100 Ark. App. 400, 269 S.W.3d 391 (2007).
Johnson asserts that the Commission's finding that she failed to prove a compensable injury is not supported by substantial evidence. A "compensable injury" is defined as
[a]n accidental injury causing internal or external physical harm to the body or accidental injury to prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, arising out of and in the course of employment and which requires medical services or results in disability or death. An injury is "accidental" only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]
Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). Compensable injuries must be established *863 by objective findings, Ark. Code Ann. § 11-9-102(4)(D), and "objective findings" are those findings that cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16)(A)(i).
In its opinion, the Commission found that there was no medical evidence of a compensable injury. On appeal, Johnson argues that (1) objective medical evidence established the injury's existence, and (2) the nonmedical evidence presented to the Commission established a causal connection between the at-work incident and her need for treatment. Regarding the medical evidence, she cites to the MRI that admittedly showed no acute injury but did show "mild multilevel degenerative disc disease," and she claims that the February 27 incident aggravated this "previously asymptomatic degenerative condition." She asserts that "there was no evidence presented that [she] had any physical limitations or restrictions prior to the February 27, 2016 incident." And she cites to the medical report from a doctor's visit on 14 March 2016 that noted her low back pain and stated, "The event which precipitated this pain was twisting. This occurred at work." As to causation, she contends that her own testimony is the "principal evidence" of causation and that this case boils down to "a matter of credibility."
In response, Pizza Hut argues that Johnson failed to present objective medical findings to support an aggravation of any degenerative back condition and that she could only speculate that the alleged injury was even caused by a specific incident. Pizza Hut cites to Johnson's own testimony that she could not pinpoint a specific action that caused her alleged injury and that she did not experience any pain or other symptoms at the time of the alleged incident. As to the medical evidence, Pizza Hut contends that none of the reports from Johnson's doctor noted objective evidence of an injury, and the March 14 notation that her back pain was precipitated by a twisting motion at work is based solely on the history given by Johnson herself. Pizza Hut also notes that at a later visit on April 6, Johnson reported that "[t]he event which precipitated this pain was a fall. This occurred at work." This history is inconsistent with her current allegations of how her injury occurred. Diagnostic testing also revealed an absence of an acute injury; for example, an MRI taken on June 16 showed "degenerative facet joint changes at L5-S1. Otherwise, no other significant or acute finding." Pizza Hut concludes that there was "no testimony or evidence sufficient to create a compensable back injury that never existed" and urges this court to affirm.
We affirm the Commission's decision. Johnson asserts she had no preexisting problems with her back but at the same time argues that this alleged incident aggravated a preexisting condition. But her argument misses the point, which is that the ALJ found no compensable injury, either new or an aggravation of a preexisting condition. There was evidence that Johnson had previous back pain; both Thornton and Dawson testified that Johnson had previously complained of back pain and had worn a back brace at work. But there was simply no evidence of a specific injury occurring on February 27 other than Johnson's own testimony. Johnson is correct that this case ultimately boils down to credibility. As noted above, it is the Commission's duty to make determinations of credibility, to weigh the evidence, and to resolve conflicts in medical testimony and evidence. Martin Charcoal, Inc. , supra. Based on this record, we hold that substantial evidence supports the Commission's decision.
*864 Johnson's brief and reply brief also discuss a myriad of other arguments: her entitlement to permanent total disability, wrongful discharge, violation of her right to privacy, violation of her Fourth Amendment protection against unreasonable searches, and general claims of fraud and negligence against Pizza Hut. However, the Commission's opinion did not address any of these issues, and failing to obtain a ruling on these issues precludes our review on appeal. See Townley v. Ga. Pac. Corp. , 2012 Ark. App. 48, 388 S.W.3d 475.
Affirmed.
Gruber, C.J., and Virden, J., agree.